# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY HOLMES,<br><br>    Plaintiff,<br><br>  v.<br><br>L. MARQUEZ,<br><br>    Defendant.<br>_____/ | CASE NO. CV-F-03-5090 AWI SMS P<br><br>ORDER FOLLOWING TELEPHONIC HEARING HELD JUNE 23, 2005<br><br>ORDER ADDRESSING ATTACHMENT OF CERTIFICATES OF SERVICE AND PLAINTIFF'S LETTER CONCERNING LEGAL MAIL, AND GRANTING DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME NUNC PRO TUNC TO JUNE 20, 2005<br><br>(Docs. 62 and 72)<br><br>Deadline to File<br>Motion to Compel:    July 8, 2005 |

On June 23, 2005, at 10:00 a.m., a telephonic hearing was held before the undersigned to discuss plaintiff's failure to attach certificates of service to his filings, plaintiff's letter concerning his legal mail, and defendant's third request for an extension of time to serve responses to plaintiff's second request for the production of documents.

During the hearing, plaintiff stated that he has been attaching certificates of service to his filings since the issuance of the court's warning order on February 17, 2005, but that they were removed by staff. The court can only make decisions based on what it receives in the mail, and the original filings at issue received by the court did not include the requisite certificates. Plaintiff

///

1

1 | indicated that he has several certificates that were ripped in half by staff. Plaintiff may, if he wishes,
2 | submit the certificates to the court for review.

With respect to plaintiff's legal mail, the court's concern is limited to whether or not plaintiff's ability to send legal mail is being blocked. Defendant's counsel has agreed to look into the issue and report back to the court within five court days. The issue raised by plaintiff concerning his ability to buy items from the canteen is beyond the reach of the court in this pending action.

Finally, responses to plaintiff's second request for the production of documents have been served. Therefore, defendant's request for an extension of time is granted nunc pro tunc to June 20, 2005. If, after receiving and reviewing the responses, plaintiff finds that he disputes one or more of the responses, plaintiff has until July 8, 2005 to file a motion to compel. Pursuant to the court's discovery order and Federal Rule of Civil Procedure 37(a)(2)(A), plaintiff is required to make a good faith attempt to resolve the dispute with defendant's counsel before involving the court by filing a motion to compel. (Doc. 30, ¶ 5.) The motion to compel, if any, shall be limited to defendant's responses to plaintiff's second set of interrogatories and second request for the production of documents.

IT IS SO ORDERED.

**Dated:   June 23, 2005**           /s/ Sandra M. Snyder
icido3                               UNITED STATES MAGISTRATE JUDGE