UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY HOLMES,<br><br>            Plaintiff,<br><br>   v.<br><br>L. MARQUEZ,<br><br>            Defendant.<br>_____/ | CASE NO. 1:03-CV-5090-AWI-SMS-P<br><br>ORDER VACATING PORTION OF ORDER STRIKING DOCUMENTS 59, 60, AND 65, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING MOTION FOR RECONSIDERATION OF ORDER FILED APRIL 8, 2005<br><br>(Docs. 59, 60, and 67)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A SUMMARY JUDGMENT MOTION NUNC PRO TUNC TO AUGUST 11, 2005<br><br>(Doc. 78) |

I.    <u>Order</u>

    A.    <u>Order Striking Documents 59, 60, and 65</u>

On May 24, 2005, the court issued an order which, in relevant part, struck plaintiff's motion for the appointment of counsel and motion for reconsideration of the court's order denying plaintiff's motion for leave to amend[1], both filed April 28, 2005, and plaintiff's objections to the court's April 8, 2005 findings and recommendations, filed May 9, 2005. The ground upon which the three filings

---

[1] Plaintiff's filing is incorrectly titled as an objections to a finding and recommendation. The court document at issue is an order, not a finding and recommendation. The proper vehicle by which to challenge an order is a motion for reconsideration, not an objection. Therefore, plaintiff's filing shall be treated as a motion for reconsideration.

1

were struck was plaintiff's failure to attach a certificate of service to the filings stating that they had been served on defendant's counsel. During the telephonic hearing held on June 23, 2005, plaintiff contended that he had been attaching the requisite certificates to his filings and they were being removed by staff. On July 6, 2005, plaintiff submitted copies of the certificates for the court to review.

One certificate of service is dated April 26, 2005, and the other is dated May 4, 2005. Neither certificate specifies what was served. There is an insufficient basis upon which to conclude that plaintiff did attach the certificates to his filings, but the certificates were removed by staff prior to mailing. On the other hand, there is an insufficient basis upon which to conclude that plaintiff did not attach the certificates and is being untruthful. Accordingly, giving plaintiff the benefit of the doubt, the court will vacate the portion of its May 24, 2005 order striking plaintiff's motion for the appointment of counsel, motion for reconsideration, and objections (documents 59, 60, and 65).

B. Motion for Appointment of Counsel

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935 F.2d at 1017.

///

1 | For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed April 28,
2 | 2005, is denied, without prejudice.

### C. Motion for Reconsideration

Plaintiff seeks reconsideration of the order denying his motion for leave to amend and directing the Clerk's Office to return his proposed third amended complaint to him. The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff has made no showing that the court erred in its order. Plaintiff's argument that he has an absolute right in this Circuit to cure the deficiencies in his complaint is unpersuasive. The court did not dismiss plaintiff's complaint for failure to state a claim and thereafter deprive plaintiff of an opportunity to amend to cure the deficiencies that were curable. Rather, this action is already proceeding on the second amended complaint. Any attempt to amend by plaintiff at this juncture must be made by motion that complies with the Federal Rules of Civil Procedure. Plaintiff's motion to amend failed to comply with Rule 7 and was denied, without prejudice, on that ground.

Plaintiff has made no showing that the court erred in its order and should reverse its earlier decision. Accordingly, plaintiff's motion for reconsideration, filed April 28, 2005, is denied.

### D. Motion for Extension of Time to File Motion for Summary Judgment

On July 11, 2005, defendant filed a motion seeking an extension of time up to and including August 12, 2005 within which to file a motion for summary judgment. Good cause having been

1 shown and in as much as defendant filed a motion for summary judgment on August 11, 2005, defendant's motion for an extension of time is granted nunc pro tunc to August 11, 2005.

E. <u>Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. The portion of the court's May 24, 2005 order striking plaintiff's April 25, 2005 motions for the appointment of counsel and for reconsideration and plaintiff's May 9, 2005 objection is VACATED (documents 59, 60, 65);
2. Plaintiff's motion for the appointment of counsel, filed April 25, 2005, is DENIED;
3. Plaintiff's motion for reconsideration, filed April 25, 2005, is DENIED; and
4. Defendant's motion for an extension of time to file a motion for summary judgment is GRANTED nunc pro tunc to August 11, 2005.

IT IS SO ORDERED.

**Dated:   August 16, 2005**          /s/ Sandra M. Snyder
icido3                                UNITED STATES MAGISTRATE JUDGE