UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY HOLMES,<br><br>                    Plaintiff,<br><br>      v.<br><br>L. MARQUEZ,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:03-CV-5090-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Docs. 80, 81, 82, and 84) |

I.    Defendant's Motion for Summary Judgment

   A.    Procedural History

Plaintiff Tommy Holmes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed October 10, 2003, against defendant Marquez ("defendant") for violation of the Eighth Amendment based on the conditions of the cell plaintiff was held in for three days. (Docs. 13, 19.) Plaintiff's Eighth Amendment claim based on the conditions in Administrative Segregation was dismissed, with prejudice, for failure to state a claim upon which relief may be granted. (Id.)

On August 11, 2005, defendant filed a motion for summary judgment. (Docs. 80, 81, 82, 84.) Plaintiff filed an opposition on October 17, 2005.[1] (Doc. 90.) Defendant did not reply.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on July 26, 2004. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 23.)

1

B. <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

///

return a verdict for the nonmoving party, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

C. <u>Discussion</u>

1. <u>Plaintiff's Allegations</u>

In his second amended complaint, plaintiff alleges that on November 13, 2001, as the result of a misunderstanding, plaintiff and another inmate were wrestling in the housing unit dayroom. (Doc. 12, p. 3A.) Another inmate attempted to intervene. (<u>Id</u>.) Defendant Marquez stated that he believed plaintiff had struck the inmate who intervened, and ordered plaintiff locked up in a visiting

room cell. (Id.) Plaintiff alleges he was in a small, square room for three days with no toilet, sink, or bed, and without access to a restroom. (Id.) Plaintiff alleges that his meals were placed out of reach for seven or eight hours before being delivered to him cold and touched by insects, and he was denied drinking water. (Id.) After three days, plaintiff was transferred to a cell in Administrative Segregation.[2] (Id.)

### 2. Undisputed Facts[3]

1. At all times relevant to the complaint, plaintiff was incarcerated at California State Prison, Corcoran.

2. On November 13, 2001, plaintiff was involved in an altercation with another inmate in the dayroom of his housing unit.

3. Another inmate, Pollard, attempted to intervene and was assaulted by either plaintiff or the other inmate involved in the altercation with plaintiff.

4. Defendant Marquez ordered plaintiff placed in Administrative Segregation pending the determination of the identity of the inmate who assaulted inmate Pollard.

5. Cal. Code of Regs. tit. 15, § 3335(a) provides:

> When an inmate's presence in an institution's general population presents an immediate threat to the safety of the inmate or others, endangers institutional security or jeopardizes the integrity of the investigation of alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation. Administrative segregation may be accomplished by confinement in a designated segregation unit, or in an emergency, to any single cell capable of providing secure segregation.

6. A bed was not available in the Administrative Segregation Unit, so defendant ordered plaintiff placed in a cell used for non-contact visiting in the Security Housing Unit.

///

---

[2] Only the condition of the cell during which plaintiff was held for three days is at issue in this action.

[3] Plaintiff neither filed a separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Because plaintiff neither submitted his own statement of disputed facts nor addressed defendant's statement of undisputed facts, the court accepts defendant's version of the undisputed facts where plaintiff's verified complaint and opposition are not contradictory. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

7. Plaintiff was placed in the visiting room cell at approximately 10:50 p.m. on November 13, 2001, and transferred to a cell in Administrative Segregation at approximately 10:40 a.m. on November 15, 2001.

8. Plaintiff was provided with a mattress, a blanket, and a urinal, and was fed the same meals as other administrative segregation inmates; and a medical technical assistant was available on a daily basis.

9. Plaintiff was taken to the bathroom and was provided with drinking water, although he had to wait two to three hours for the water to be delivered.

### 3. Plaintiff's Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Defendant submits evidence that following an incident in the dayroom in which an inmate was assaulted, he ordered plaintiff placed in Administrative Segregation pending an investigation. (Undisputed Facts 2-4.) Because there were no cells available in Administrative Segregation at the time, plaintiff was placed in a cell within the Security Housing Unit used for non-contact visitation and held there for approximately thirty-six hours, after which time he was transferred to a cell in Administrative Segregation. (U.F. 6, 7.) In emergency situations, placement in such a cell is authorized pursuant to section 3335(a) of Title 15. (U.F. 5.)

While in the visiting room cell, plaintiff was provided with a mattress, a urinal, drinking water, and access to a bathroom upon request, and was given the same meals that were fed to inmates in the Administrative Segregation Unit. (U.F. 8.) Defendant submits evidence that in plaintiff's inmate appeal, plaintiff acknowledged he was taken to the bathroom and provided with water, although plaintiff was not immediately taken to the bathroom and the water was not provided until two to three hours after his request. (U.F. 9; Doc. 82, Exhibit I, p. 3.) Defendant argues that plaintiff's limited confinement in the visiting room cell under these conditions does not rise to the level of an extreme deprivation sufficient to give rise to an Eighth Amendment claim.

The court finds that defendant has met his initial burden of informing the court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

In his opposition, plaintiff reiterates the conclusory allegations set forth in his second amended complaint that he was confined for approximately thirty-six hours in a visiting room booth without water, a sink, a bed, or a toilet.[4] (Doc. 90, p. 2.) Plaintiff also alleges that he was subject to deprivations such as those set forth in Hutto v. Finney, 437 U.S. 678 (1978), with respect to ventilation, sanitation, and exercise, and that "the temperature in the visiting booth regularly exceeded 48 degrees."[5] (Id.)

Confinement in a cell without running water, a sink, a bed, a toilet, and hot food for thirty-six hours does not violate the Eighth Amendment as a matter of law. Plaintiff has set forth no evidence refuting defendant's evidence that he was provided with a urinal and a mattress in the cell, that he was escorted to a bathroom outside the cell for bowel movement(s), that he was provided with water upon request, albeit not immediately, and that he was provided with meals. Plaintiff has submitted no evidence that the meals provided to him during his stay in the visiting room cell were so inadequate as to rise to the level of an Eighth Amendment violation, and plaintiff has submitted no evidence that the temperature, ventilation, and sanitation in the cell - allegations set forth for the first time in the opposition - caused conditions that rose to the level of an Eighth Amendment violation. Keenan v. Hall, 83 F.3d 1083, 1089-92 (9th Cir. 1996). Although plaintiff alleges in his opposition he was subjected to the deprivation of exercise, the denial of the opportunity to exercise for thirty-six hours does not violate the Eighth Amendment. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

---

[4] Verified complaints and oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

[5] The arguments set forth in plaintiff's opposition concerning his medical care are disregarded, as plaintiff did not allege an Eighth Amendment medical care claim in his second amended complaint.

7

Plaintiff has set forth no evidence that raises any triable issues of fact concerning the conditions of the cell he was held in for thirty-six hours. Accordingly, the court finds that defendant is entitled to judgment as a matter of law on plaintiff's Eighth Amendment claim against him.

### D. Conclusion

The court finds that defendant Marquez is entitled to judgment as a matter of law on plaintiff's Eighth Amendment claim against him. Because of this finding, it is unnecessary to reach defendant's argument that he is entitled to qualified immunity. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that defendant's motion for summary judgment, filed August 11, 2005, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __November 18, 2005__          __/s/ Sandra M. Snyder__
icido3                                            UNITED STATES MAGISTRATE JUDGE